BOLIN, Judge.
The City of Monroe, Louisiana, acting under the authority of Louisiana Revised Statutes 33:4621-33 :4622 and 19:2, expropriated 3.5 acres of land belonging to Lonnie F. Wilhite for use as a public park. Defendant did not question the necessity for the taking and pursuant to a joint petition and stipulation, title to the property was adjudicated to the City by judgment dated January 27, 1971. However, defendant reserved his right to litigate the question of just compensation.
Plaintiff tendered and placed in the registry of the court $14,020 which was withdrawn by defendant. Following trial of the issue of whether this amount was adequate compensation, the lower court awarded judgment in favor of defendant for $26,-500 subject to a credit of $14,020, with legal interest on $12,480 from judicial demand, and plaintiff appealed. We affirm the judgment as to the amount but alter it as to the date interest begins to run. .
The issues are (1) the proper award to defendant as just and adequate compensation for the property expropriated by plaintiff, and (2) the proper date the award should begin bearing interest.
The property expropriated is within the city limits and is part of a ten-acre tract owned by defendant. While the property taken is unimproved there are many residences near the subject property. Within the area the streets are asphalt surfaced with open ditch drainage. Four appraisers were tendered by plaintiff and defendant and accepted by the court as experts. All of the experts agreed the highest and best use for the property was for residential purposes, although counsel for plaintiff in brief and the trial judge refer to it as an industrial-residential neighborhood.
We shall give consideration first to the question of the amount of the award. As the lower court did not award severance damages and defendant has neither appealed nor answered the appeal, the amount of the award will be limited to the value of the property actually taken. The law is that the amount to be awarded for private property expropriated for a public purpose is its market value when taken. Louisiana cases too numerous to mention have defined market value as the price which would be agreed upon at a voluntary sale between an owner willing to sell and a purchaser willing to buy.
*417 Of the four experts who testified, two were witnesses for plaintiff and two for defendant. All four appraisers took what they considered to be comparable sales of other property and adjusted them up or down, according to the circumstances of the particular sales involved, to arrive at their estimates of market value. One of plaintiff’s witnesses testified the property taken was worth $14,020 and the other $13,390. Defendant’s experts valued the same property at $34,800 and $27,442. From the written reasons of the trial judge it is apparent he took into consideration all of the evidence, to which he correctly applied the law. He reached a commonsense conclusion that $26,500 represented fair market value which would constitute just compensation to defendant for his property expropriated by plaintiff. We find no error in this portion of the judgment.
On the question of interest, the total award of $26,500 is subject to a credit of $14,020 previously paid by the City and withdrawn by Wilhite. This leaves a balance of $12,480 upon which legal interest is due.
Louisiana Civil Code Article 1938, as amended by Act No. 315 of 1970, provides:
“All debts shall bear interest at the rate of seven per centum per annum from the time they become due, unless otherwise stipulated.”
No debt arises in expropriation cases, under the general law, until judgment is rendered granting the expropriation of the property. Even after judgment is rendered transferring title to the property the expropriating authority cannot take possession until it either pays the amount of the judgment to the property owner or deposits the amount in the registry of the court. In this case the City of Monroe obtained title to this property by a judgment of court dated January 27, 1971, and on the same day deposited in the registry of court $14,020 as payment for the property. However, by these proceedings it has been determined the amount deposited was insufficient by the sum of $12,480, which became a debt due as of January 27, 1971. The judgment, therefore, is erroneous in casting defendant with interest from judicial demand rather than from January 27, 1971. Board of Commissioners of Port of New Orleans v. Lomm (La.App. 4th Cir. 1969) 220 So.2d 489.
For the reasons assigned, the judgment of the lower court is amended so as to change the time the award bears interest from “judicial demand until paid” to “January 27, 1971 until paid”. In all other respects the judgment is affirmed at appellant’s cost.